530 So.2d 179 (1988)
James H. TELFORD, et ux.
v.
Shelby E. ALOWAY.
No. 57902.
Supreme Court of Mississippi.
August 24, 1988.
*180 Murray L. Williams, Water Valley, Omar D. Craig, Oxford, for appellant.
Guy T. Gillespie, III, Janet G. Arnold-Wilson, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the court:
On October 14, 1985, James and Louise Telford filed suit in the Circuit Court of Lafayette County, Mississippi, seeking $100,000.00 in actual and punitive damages from Shelby Aloway for injuries and damages arising out of an automobile accident. On May 6, 1986, a judgment was entered awarding James Telford $1,000.00 in damages and Louise Telford nothing.
The judgment that was entered by the circuit court on May 6, 1986, provided that the Telfords would have thirty days within which to file any post-trial motions. Defense counsel advised plaintiff's counsel of the ten day time limit prescribed by Rules 59(b) and 6(b), Miss.R.Civ.P. Defense counsel further advised that he would rely on that ten day time limit in opposing any post-trial motions filed by plaintiffs beyond that period. On May 28, 1986, twenty-two days after the judgment was entered, plaintiff filed his post-trial Motion for New Trial or Additur. Defendant responded asking that the Motion be stricken as untimely. At this time defense counsel advised Telford's counsel of the thirty day appeal period. The trial court declined to strike the Telfords' Motion for New Trial or Additur, but denied those motions on the merits on August 5, 1986. It was not until August 15, 1986, that the Telfords' notice of appeal was filed.
Aloway argues before us that the ten day period for serving the Motion for New Trial begins to run from the day of entry of judgment, and that the Rule 6(b), Miss.R. Civ.P. proscription concerning extension of the time limit is mandatory and jurisdictional. Under this argument the ten day time period could never be extended. Aloway further argues that the thirty day period within which the Telfords could file notice of appeal began to run on May 6, 1986, and had long since run out when the notice of appeal was filed on August 15, 1986.
In answering the Motion to Docket and Dismiss the Telfords argue that under Rule 6(b), Miss.R.Civ.P., the trial judge has discretion to allow additional time for the filing of post-trial motions. Also, the Telfords argue that the unique circumstances of this case do not warrant a strict application of the ten day rule.
Rule 59(b) provides as follows:
Rule 59
NEW TRIALS; AMENDMENT OF JUDGMENTS
(b) Time for Motion. A motion for a new trial shall be served not later than ten days after the entry of the judgment. Rule 59(b), Miss.R.Civ.P.
The rule, by its terms, requires that the motion for new trial be served within ten days after the entry of the judgment. Further, the Comment to Rule 59(b) provides as follows:
The motion must be made within ten days after the entry of judgment (defined as the time of delivery to the clerk for filing; MRCP 58). This is a departure from prior Mississippi practice, National Cas. Co. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953) (new trial may be ordered any time prior to expiration of court term), and is authorized by MRCP 6(c). This time limit is tolled by the service of the motion on all parties, rather than by the filing of same, see 11 Wright & Miller, Federal Practice and Procedure, Civil § 2812 (1973), and the ten-day period cannot be enlarged. MRCP 6(b)(2).
Comment, Rule 59(b), Miss.R.Civ.P.
Contrary to the Telfords' argument, Rule 6(b) gives the trial judge no discretion to enlarge this time period. The rule provides as follows:
When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for *181 cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), 59(e), and 60(b), except to the extent and under the conditions therein stated. Rule 6(b), Miss.R.Civ.P.
We interpret the ten day time limit set forth in Rule 59(b) to be jurisdictional and mandatory. The rule states an inflexible standard. The trial court had no jurisdiction to consider the untimely motion filed by the Telfords, and the appeal from the void order denying that motion must be docketed and dismissed. If we were to consider the Telfords' appeal as an appeal from the original judgment, then the thirty day time period set forth in Rule 48(b), Miss.S.Ct.R., expired long before the notice of appeal was filed. We have determined that the trial judge was without jurisdiction to extend the ten day period, and the Telfords' allowed time limit for filing their notice of appeal having elapsed, there is, therefore, no appeal before this Court.
However, we have examined the record, the briefs, and the assignments of error and are of the opinion that the judgment in favor of Telford in the sum of $1,000.00, were it properly before us, would have to be affirmed on the authority of Rotwein v. Holman, 529 So.2d 173 (Miss. 1988).
APPEAL DOCKETED AND DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., dissents.