KING, P.J.,
for the Court:
¶ 1. Lester McCraw has appealed a judgment of the Forrest County Chancery Court, which awarded to his former wife, Gloria McCraw, delinquent child support of $200, delinquent alimony of $200 and a $100 per month increase in periodic alimony. Finding error in the increased alimony, we reverse and remand.
FACTS
¶ 2. In July of 1994, the McCraws were divorced on the grounds of irreconcilable differences. As part of that process, they entered into a written, agreement covering child custody and support and property distribution. Pursuant to that agreement, Mr. McCraw was to pay Mrs. McCraw (1) periodic alimony of $200 per month, (2) child support of $200 per month for their only minor child, Leslie, and (3) a lump-sum of $118,805.35 which represented one-half of the balance in Lester McGrow's $237,610.70 pension fund.
¶ 3. In 1998, Mrs. McCraw filed a contempt action for delinquent child support and alimony and a petition for modification of same. The chancellor found Mr. McCraw in arrears in the amounts of $200 alimony and $200 child support for which Mrs. McCraw was awarded a judgment. The chancellor found that the minor child was now emancipated and terminated child support effective November 1, 1998. The chancellor also determined that there was an increase in Mrs. McCraw’s needs and a corresponding increase in the ability of Mr. McCraw to pay, and therefore ordered an increase of $100 per month in alimony.
ANALYSIS AND DISCUSSION OF THE LAW
I.
The chancellor was manifestly in error in increasing Appellants alimony payments to Appellee from $200 per month to the sum of $300 per month, and in not terminating the alimony payments.
II.
There was no evidence, creditable or otherwise, to support the chancellor increasing Appellants alimony payment to Appellee.
¶ 4. Mr. McCraw suggests that Mrs. McCraw did not meet her burden of *521 proof to show that' there had been a change in circumstances that would necessitate an increase in alimony. The party seeking a modification of support must show that there has been a material change in circumstances arising after the last decree. McEachern v. McEaehern, 605 So.2d 809, 813 (Miss.1992). The change must be one which could not have been reasonably anticipated at the time of the decree. Varner v. Varner, 666 So.2d 493, 497 (Miss.1995). The record contains no evidence which would suggest either a change in circumstances or expenses which justify increased alimony for Mr. McCraw.
¶ 5. What the record does reflect is that (1) Mrs. McCraw received a lump sum payment of $118,805.35 from Mr. McCraw’s pension fund, (2) Mrs. McCraw receives $200 per month alimony from Mr. McCraw’s monthly pension, (3) the minor child is emancipated and now self-sustaining and (4) that Mrs. McCraw is now employed on a part-time basis. Without more, the evidence is insufficient to justify an upward modification of alimony.
¶ 6. Mr. McCraw also argues that his alimony obligation should have been terminated. There are three types of alimony, lump sum, rehabilitative, and periodic. Waldron v. Waldron, 743 So.2d 1064(¶ 6) (Miss.1999). Periodic alimony, unlike lump sum and rehabilitative alimony which have definite starting and ending points, is continuous in nature and terminates upon the remarriage of the receiving spouse or the death of the paying spouse unless otherwise stipulated. Id. Neither of these conditions is present in this case.
¶ 7. Mr. McCraw based his request to terminate his alimony obligation upon financial inability. Mr. McCraw has failed to produce evidence of this alleged inability to pay. Just as the person seeking an upward modification of alimony bears the burden of proof, so too does the individual who seeks a downward modification.
¶ 8. The findings of a chancellor will not be disturbed unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was used. Denson v. George, 642 So.2d 909, 913 (Miss.1994). The ruling of the chancery court to increase the alimony award to $300 per month was error. The judgment is reversed, and the $200 per month alimony award under the original divorce decree is reinstated. The refusal of the chancellor to terminate alimony is affirmed.
¶ 9. THE JUDGMENT CHANCERY COURT IS AFFIRMED IN PART AND REVERSED IN PART. THE $200 PER MONTH ALIMONY AWARD IS REINSTATED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.