THOMAS, J.,
for the Court:
¶ 1. Mary Hill, on behalf of the heirs of Florence Cobb, appeals an order of the Chancery Court of Rankin County ordering the sale of the property originally owned by sisters Luvicer McLaurin and Florence Cobb. Aggrieved, Hill perfected this appeal, raising the following issues as error:
I. WHETHER THE CHANCERY COURT COMMITTED REVERSIBLE ERROR IN GRANTING A PARTITION BY SALE?
II. WHETHER THE LOWER COURT ERRED IN PROCEEDING TO FINAL ADJUDICATION WHEN THE HEIRS OF FLORENCE COBB DID NOT HAVE LEGAL REPRESENTATION?
¶ 2. L.D’. McLaurin in response to this appeal raises the following issues:
*258 I. WHETHER THE APPEAL IS TIMELY BECAUSE THE APPEAL WAS NOT FILED WITHIN THIRTY DAYS OF THE ORDER APPEALED FROM, AND NO TIMELY POST-TRIAL MOTION WAS FILED?
II. WHETHER THE APPEAL SHOULD BE DISMISSED BASED ON APPELLANT’S FAILURE TO FILE A BOND AS REQUIRED BY THE CHANCERY COURT OF RANKIN COUNTY?
III. WHETHER PARTITION BY SALE WAS NECESSARY AND IN THE BEST INTEREST OF ALL PARTIES?
IV. WHETHER THE FAILURE OF THE APPELLANTS TO HIRE COUNSEL WAS A GROUND FOR REVERSAL?
¶ 3. Finding Hill failed to timely appeal, we dismiss the appeal.
FACTS
¶ 4. Luvicer McLaurin and Florence Cobb were sisters who originally owned the property in question. On December 29, 1959, the Mississippi Supreme Court affirmed a judgment holding Luvicer McLaurin and Florence Cobb as the rightful owners of this property. Whittington v. McClaurin, 115 So.2d 530 (Miss.1959). Since that time, the heirs of Luvicer and Florence have never agreed as to how the land should be divided between the two families.
¶ 5. The total acreage in dispute- is approximately twenty-one acres broken into four different sections. L.D. McLaurin, the son of Luvicer McLaurin, acquired an undivided 23.09% interest in the property. He subsequently brought a complaint for determination of heirs, determination of ownership, and for partition of the property in question. The defendants of this action were all heirs of Luvicer McLaurin and Florence Cobb. Additional defendants were J.C. Searcy, Chester Burnham, the City of Flowood, and any other persons with any claim to the land.
¶ 6. Mr. Hogue, a certified appraiser with multiple years of experience in land appraisal, was qualified as an expert in land appraisal and testified that the land would be difficult to divide due to the placement of the land, which was split into four different sections, and the large number of persons with interest in the property-
¶ 7. Mr. McCool, an auctioneer with many years experience in determining the value of land and feasibility of selling real property, was qualified as an expert in land valuation and the sale of real property. Mr. McCool also testified that the property in question would be very difficult to divide among the interested parties.
¶ 8. On March 26, 1999, the chancery court entered an order establishing the percent interest each party was entitled to and ordering the property to be sold because it could not be partitioned in kind. On May 12, 1999, Mr. McCool, as authorized by the court, conducted an auction of the property. The highest bidder was Hemphill Construction Co. at $632,500. This comes to over $30,000 an acre.
ANALYSIS
I. WHETHER THE APPEAL IS TIMELY BECAUSE THE APPEAL WAS NOT FILED WITHIN THIRTY DAYS OF THE ORDER APPEALED FROM, AND NO TIMELY POST-TRIAL MOTION WAS FILED?
¶ 9. In the instant case, we need address no issues other than untimely filing. An order for the sale of property was filed by the Chancery Court of Rankin County on March 26,1999. Rule 59 Mississippi Rules of Civil Procedure provides that “a motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.” M.R.C.P. 59(e). Mississippi Rules of Appellate Procedure dictate that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order appealed *259 from.” M.R.A.P. 4(a). On April 6, 1999, eleven days after the order was entered,. Hill filed a motion for reconsideration in response to the order. The motion for reconsideration was denied on May 13, 1999, and a notice of appeal was subsequently filed by Hill on May 24, 1999. Hill’s right to appeal expired on April 26, 1999. The simple fact in this case is that Hill filed the motion for reconsideration outside the ten days allowed under Rule 59 M.R.C.P. The motion was void and did not suspend the running of the thirty days provided for in Rule 4. M.R.A.P. 4(a). Our supreme court has held that a timely appeal must be made from a decree ordering a partition sale if the merits of the order are to be reached. Tuggle v. Williamson, 450 So.2d 93, 95 (Miss.1984). We find that the motion was untimely and, therefore, jurisdictionally void.
¶10. THE APPELLANTS’ APPEAL IS DISMISSED. COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, AND PAYNE, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.