# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-CA-00409-COA

**TED SMITH**                                                   **APPELLANT**

**v.**

**PARKERSON LUMBER, INC.**                                     **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 01/03/2001 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WAYNE E. FERRELL JR. |
| | ANDRE FRANCIS DUCOTE |
| ATTORNEY FOR APPELLEE: | H. WESLEY WILLIAMS III |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | JUDGMENT FOR PLAINTIFF IN THE SUM OF $1,650 AND COURT COSTS OF $2,239, ATTORNEY FEES OF $959 AND WITNESS FEES OF $450 |
| DISPOSITION: | DISMISSED - 4/23/2002 |
| MOTION FOR REHEARING FILED: | 5/6/2002; denied 7/16/2002 |
| CERTIORARI FILED: | 7/30/2002 |
| MANDATE ISSUED: | |

EN BANC:

KING, P. J., FOR THE COURT:

¶1. Ted Smith was awarded damages in the Choctaw County Circuit Court for trees that were cut down, deadened, destroyed and taken away from a fifty-foot strip of Smith's property by Parkerson Lumber, Inc. Smith appeals this award arguing that he should have been awarded additional damages for a second section of property that was cut and for additional statutory damages. Parkerson counter claims that this appeal was untimely and should be dismissed. Finding that this Court lacks jurisdiction to review this case, we dismiss this appeal.

## FACTS

¶2. In September 1997, Parkerson was cutting timber on the property adjacent to Smith's. After Parkerson completed the job, Smith's sister inspected his property and found that timber had been cut from two sections of Smith's property. Smith sued Parkerson, requesting damages for the cutting of the trees, the diminution of property value, and the loss of enjoyment. Parkerson acknowledged cutting the timber on a fifty-foot strip of Smith's property, but denied cutting the timber on the southwest corner of Smith's

property. On November 1 and 2, 2000, a trial was had on damages to the fifty-foot strip and damages and liability as to the southwest corner. The jury returned its verdict on November 2, 2000, and the circuit court formally entered the judgment on January 3, 2001. On February 5, 2001, Smith moved the court for a JNOV, or alternatively a new trial. This motion was denied on February 7, 2001. On March 8, 2001, Smith filed his notice of appeal.

## DISCUSSION OF THE ISSUE

¶3. Finding the jurisdictional question to be dispositive of this case, this Court will only address it.

¶4. Pursuant to M.R.A.P. 4(a), notice of appeal must be given within thirty days from the entry of the judgment appealed from. The time for appeal may be extended by the trial court. However, the record before this Court reflects no effort to obtain an extension of the time in which to give notice of appeal. Indeed, during the course of oral argument, counsel for Smith acknowledged that no effort was made to request an extension of the time to give notice of appeal.

¶5. The failure to timely perfect notice of appeal is a jurisdictional defect which deprives this Court of the authority to conduct an appellate review. *Curry v. B.C. Rogers Poultry, Inc.,* 797 So. 2d 265 (¶ 11) (Miss. Ct. App. 2001). The judgment was entered on January 3, 2001, and notice of appeal was given on March 8, 2001, some sixty-four days after entry of judgment. Absent some intervening act to change the date from which notice should have been given, this appeal is clearly untimely. The only intervening motion reflected by the record is a motion for JNOV, or alternatively a new trial filed on February 7, 2001.

¶6. Motions for JNOV, pursuant to M.R.C.P. 50, to alter or amend the judgment, or new trial pursuant to M.R.C.P. 59, when properly filed impact the date by which notice of appeal is to be given, by causing it to end thirty days from the date of disposition of any of these motions. However, these motions are only proper when filed within ten days of entry of judgment. M.R.C.P. 50(b) and M.R.C.P. 59(b) and (c). To be proper, these motions should have been filed by Tuesday, January 16, 2001.[1] The motion for JNOV, or in the alternative a new trial was filed on February 5, 2001, some nineteen days beyond the deadline. M.R.C.P. 6(b) precludes the enlargement of this ten-day period. *Telford v. Aloway*, 530 So. 2d 179, 181, (Miss. 1988). There was accordingly, no intervening act to extend the time for giving notice of appeal, and this Court is therefore without jurisdiction to entertain this appeal. M.R.A.P. 2(a)(1); *Bank of Edwards v. Cassity Auto Sales, Inc.* 599 So. 2d 579, 582 (Miss. 1992).

¶7. This appeal is dismissed with all costs assessed to the Appellant.

¶8. **THE APPEAL IS DISMISSED. COSTS ARE ASSESSED TO THE APPELLANT.**

**McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, AND MYERS, JJ., CONCUR. BRANTLEY, J., DISSENTS WITHOUT WRITTEN OPINION. CHANDLER, J., NOT PARTICIPATING.**

1. The 13th was a Saturday and Monday the 15th was a holiday.