THOMAS, J.,
for the Court:
¶ 1. Patrick Sanders, pro se, filed a post conviction relief motion which was denied by the trial court. On appeal, Sanders asserts the following issue:
I. WAS THE GUILTY PLEA ENTERED BY SANDERS INVOLUNTARY?
FACTS
12/17/96: Sanders was indicted on two counts of armed robbery in the Circuit Court of the First Judicial District of Hinds County in Cause No. 96-3-257.
01/29/97: Motion for discovery filed by counsel of record.
05/30/97: Petition to enter plea of guilty filed. Sanders pleaded guilty to both counts of indictment.
06/10/97: On each count, Court sentences Sanders to twenty years imprisonment with five years suspended, *253 the sentences to be served concurrently-
01/16/98: Sanders filed motion for post-conviction collateral relief in Circuit Court of First Judicial District of Hinds County in Cause No. 251-98-70.
02/13/98: Order entered denying motion for post-conviction collateral relief.
04/20/98: Sanders filed motion to reconsider/reduce sentence.
05/06/98: Order entered overruling motion to reconsider/reduce sentence.
09/28/99: Notice of appeal filed Cause No. 251-98-70.
03/08/00: Mississippi Supreme Court Clerk issued Sanders a notice pursuant to MRAP 2, that he had fourteen days in which to correct the deficiencies of his appeal. These deficiencies were payment of the' costs of appeal and filing a designation of the record.
03/13/00: Order granting leave to appeal in forma pauperis entered in Circuit Court of the First Judicial District of Hinds County in Cause No. 251-98-70.
03/22/00: Order entered in Supreme Court of Mississippi in Cause No.l999-TS-01597 (referring to Cause No. 96-3-257) granting additional time (an additional fourteen days) in which to file designation of record.
ANALYSIS
¶ 2. In the instant case, we need address no issue other than untimely filing. Mississippi Rule of Appellate Procedure § 4(a) requires that:
in a ... criminal case in which an appeal ... is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.
M.R.A.P. 4(a).
¶ 3. An order denying Sanders’s motion for post-conviction collateral relief was entered on February 13, 1998. Sanders filed a notice of appeal from this order on September 28,1999. Sanders’s right to appeal expired more than a year prior to his filing a notice of appeal. We find that the motion was untimely and, therefore, jurisdic-tionally void. Denton v. State, 762 So.2d 814, 816-7 (Miss.Ct.App.2000); Heirs of Florence Cobb v. McLaunn, 769 So.2d 257, 258 (Miss.Ct.App.2000).
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.