KING, C.J.,
for the Court.
¶ 1. On January 17, 2007, Drew and Janet Anderson were granted a divorce by the Chancery Court of Warren County based on the ground of irreconcilable differences. The chancellor equitably distributed the marital assets, ordered Drew to pay child support, and awarded Janet permanent periodic alimony and attorney’s fees. Aggrieved, Drew appeals the chancellor’s award of alimony and attorney’s fees. Janet has filed a motion to dismiss the appeal, arguing that Drew’s appeal is time-barred. We find that Drew’s appeal is time-barred and, thus, dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. Drew and Janet were married on October 6, 1984. Two children were born into the marriage — Andrew, who was born on October 17, 1986, and Adam, who was born on July 27, 1989. During the marriage, Drew was employed as an electrical engineer with several governmental agencies, including the United States Army Corp of Engineers. Drew’s job required the family to move quite often. Therefore, the couple agreed that Janet would be a homemaker, and she worked part-time jobs as their sons got older.
¶ 3. After twenty-two years of marriage, Drew asked Janet for a divorce. Janet filed for divorce in the Chancery Court of Warren County on June 9, 2006, based on the ground of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Janet requested custody of the children, child support, an equitable *267 distribution of the marital assets, alimony, and attorney’s fees. The chancellor entered an agreed temporary order regarding custody, child support, and alimony. Thereafter, Drew and Janet consented to a divorce based on irreconcilable differences and agreed to let the chancellor decide the issues of child support, distribution of the marital assets, alimony, and attorney’s fees.
¶4. In the “Final Judgment” filed on January 5, 2007, which was formally entered on the general docket on January 17, 2007, pursuant to Mississippi Rule of Civil Procedure 79(a), the chancellor granted Drew and Janet a divorce based on irreconcilable differences. In her final judgment, the chancellor stated that she considered the testimony of the witnesses, exhibits, the Ferguson factors,[1] the Armstrong factors,[2] and the Davis factors[3] in making her decision. The chancellor awarded Drew and Janet joint legal custody of the children, with Janet having primary physical custody. Drew was ordered to pay child support in the amount of $1,100 per month. The chancellor equitably distributed the marital assets, awarding Janet the following: her retirement account of $1,100; $115,050.84, which is one-half of Drew’s thrift savings plan; and $9,391.50, which is one-half of Drew’s retirement account. The chancellor also ordered Drew to pay Janet permanent periodic alimony in the amount of $1,200 per month and $5,000 toward Janet’s attorney’s fees. In her order, the chancellor specifically provided: “That the Court reserves its right to require briefs from the attorneys. That the Court further reserves its right to make findings of fact and conclusions of law.”
¶ 5. On February 2, 2007, Drew filed a motion to reconsider the award of alimony and attorney’s fees, and he requested that the chancellor make specific findings of fact. Janet filed a motion to dismiss, arguing that Drew’s motions were time-barred. Likewise, on February 2, 2007, the chancellor, acting on her own motion, entered an order which required the attorneys “... to submit briefs to this Court on or before February 16, 2007, in support of their clients’ positions.”
¶6. On April 27, 2007, the chancellor denied Drew’s motion to reconsider, finding that it was time-barred. However, the chancellor granted Drew’s request for specific findings of fact and made findings in regard to Janet’s awards of child support, permanent periodic alimony, and attorney’s fees. The chancellor stated that the final judgment entered in January 2007, remained in full force and effect. Drew now comes to this Court appealing the chancellor’s award of permanent periodic alimony and attorney’s fees, and Janet has filed a motion to dismiss Drew’s appeal as time-barred.
ANALYSIS
¶ 7. This Court will not disturb a chancellor’s findings of fact when supported by substantial evidence unless the chancellor abused her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Shoffner v. Shoffner, 909 So.2d 1245, 1249(11) (Miss.Ct.App.2005) (quoting Duncan v. Duncan, 774 So.2d 418, 419(4) (Miss.2000)). However, questions of law are reviewed de novo. Id.
*268 I. Whether Drew’s motion to reconsider was time-barred.
¶ 8. In her motion to dismiss, Janet argues that the chancellor properly denied Drew’s motion to reconsider because it was time-barred. Drew does not rebut this contention. We agree that Drew’s motion to reconsider was time-barred.
¶ 9. The supreme court has held that a motion to reconsider is treated as a motion to amend a judgment pursuant to Mississippi Rule of Civil Procedure 59(e). Boyles v. Schlumberger Tech. Corp., 792 So.2d 262, 265(6) (Miss.2001) (citing In re Estate of Stewart, 732 So.2d 255, 257(8) (Miss.1999)). Pursuant to Rule 59(e), “[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.” (Emphasis added). Therefore, a motion to reconsider must also be filed within ten days after the entry of the judgment.
¶ 10. In the chancellor’s order denying Drew’s motion to reconsider, she stated that:
The Court entered its Final Judgment on January 5, 2007[4] and Mr. Anderson filed his Motion to Reconsider on February 2, 2007, which is more than ten (10) days after the Final Judgment was entered.
We find that Drew’s motion to reconsider was, in fact, time-barred. The final judgment was entered on January 17, 2007. Drew did not file his motion to reconsider until February 2, 2007, which is more than ten days after the entry of the final judgment. Therefore, we find that the chancellor did not err by finding Drew’s motion to reconsider to be time-barred.
II. Whether Drew’s motion requesting specific findings of fact was time-barred.
¶ 11. In her motion to dismiss, Janet also argues that Drew’s motion requesting specific findings of fact was time-barred because it was filed more than ten days after the entry of the final judgment. Conversely, Drew maintains that his motion requesting specific findings of fact was not time-barred.
¶ 12. Mississippi Rule of Civil Procedure 52(a) provides that:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
Mississippi Rule of Civil Procedure 52(b) states, in part, that:
Upon motion of a party filed not later than ten days after entry of judgment or entry of findings and conclusions, or upon its own initiative during the same period, the court may amend its findings or make additional findings and may amend the judgment accordingly.
Drew argues that he made his motion requesting specific findings of fact under Rule 52(a), not Rule 52(b). Thus, he maintains that the ten-day limitation does not apply to him. We disagree.
¶ 13. Rule 52(a) addresses the lower court’s duty to make specific findings of fact. Whereas Rule 52(b) provides the procedure that a party or the court, upon its own motion, must follow to amend a judgment or make additional findings. Rule 52(b) clearly states that a motion to amend a judgment or make additional *269 findings must be filed within ten days after the entry of the final judgment.
¶ 14. In her January 2007 judgment, the chancellor summarized the parties’ procedural history, stated that she considered the Ferguson factors, the Armstrong factors, and the Davis factors when making her decision. The chancellor then listed the awards to each party. The chancellor’s findings may not have been as specific as we require, but they are findings nonetheless. Thus, Drew’s request was nothing more than a motion for the chancellor to make additional findings, which is subject to the ten-day limitation. Since Drew filed his motion more than ten days after the entry of the final judgment, it was time-barred.
¶ 15. Drew attempts to persuade this Court that because the chancellor granted his motion requesting specific findings of fact, his motion was not time-barred. For cause shown, Mississippi Rule of Civil Procedure 6(b) allows the chancellor to enlarge the time in which “an act is required or allowed to be done at or within a specified time[.]” However, Rule 6(b) specifically precludes the chancellor from enlarging the time to act under Rule 52(b). M.R.C.P. 6(b); see also Telford v. Aloway, 530 So.2d 179, 180-81 (Miss.1988). Thus, the chancellor lacked jurisdiction of Drew’s motion requesting specific findings of fact. Although Drew’s motion was time-barred, the chancellor’s decision to grant his request and make additional findings was only harmless error. It is important for the chancellor to make specific findings of fact because it provides this Court with an adequate record to review to determine whether the trial court committed error. See Pilgrim Rest Missionary Baptist Church v. Wallace, 835 So.2d 67, 74(18) (Miss.2003). If Drew had timely filed this appeal, and the chancellor had not made specific findings of fact, this Court might have vacated the judgment and remanded the case to the chancellor to make specific findings. See Patout v. Patout, 733 So.2d 770, 773(16) (Miss.1999). Therefore, we find that the chancellor’s decision to make specific findings of fact was only harmless error. Regardless of whether the chancellor made specific findings of fact, Drew still had a duty to timely file his motions and to timely appeal this matter. In this case, he simply failed to do so.
III. Whether Drew’s appeal is time-barred.
¶ 16. Depending upon the date of entry of the chancellor’s final judgment, Drew’s appeal may be time-barred. Janet argues that the final judgment was entered on January 17, 2007, and Drew’s appeal should be dismissed as time-barred because he filed his notice of appeal on May 22, 2007, more than thirty days after the entry of judgment. Conversely, Drew maintains that the final judgment was entered on April 27, 2007, and he timely filed his notice of appeal within thirty days of this date.
A. Date of the Final Judgment
¶ 17. It is important that the parties have a clear understanding of what document provides the final judgment because the time in which to file many time sensitive motions is calculated from the date of the entry of the final judgment. See Mullen v. Green Tree Fin. Corp., 730 So.2d 9, 12(10) (Miss.1998) (citations omitted). As in this case, filing a motion to reconsider, a motion requesting specific findings of fact, and an appeal are three such time-sensitive actions. Id.
 ¶ 18. There is a difference between the trial court’s decision and the trial court’s judgment. See id. (9) (quoting M.R.C.P. 54(a) cmt.). A decision is the *270 trial court’s findings of fact and conclusions of law. Id. However, the entry of the judgment is the pronouncement of that decision and gives it legal effect. Id. “A final, appealable, judgment is one that ‘adjudicates] the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the lower court.” Walters v. Watters, 956 So.2d 1050, 1053(8) (Miss.Ct.App.2007) (quoting Banks v. City Fin. Co., 825 So.2d 642, 645(9) (Miss.2002)).
¶ 19. The “Final Judgment” in Drew and Janet’s divorce was entered on January 17, 2007. Afterwards, Drew filed his motion to reconsider and his motion requesting specific findings of fact on February 2, 2007. As previously stated, both of these motions were time-barred. However, the chancellor granted Drew’s motion requesting specific findings of fact. Those findings were embodied in a document filed on April 27, 2007, which was styled “Memorandum Opinion and Final Judgment.”
¶20. In Telford, an analogous case, a judgment in a tort lawsuit was entered on May 6, 1986. Telford, 530 So.2d at 180. The trial court stated that the parties had thirty days in which to file any post-trial motions. Id. Thereafter, the plaintiffs filed a motion for a new trial or an additur twenty-two days after the final judgment was entered. Id. The defendant filed a motion to dismiss the plaintiffs’ motion, arguing that the motion for a new trial or additur was time-barred because the motions were filed past the ten-day limitation prescribed by Mississippi Rule of Civil Procedure 59(b). Id. The trial court denied the defendant’s motion to dismiss and decided the plaintiffs’ motions on the merits. Id. The trial court denied the plaintiffs’ motions in an order dated August, 5, 1986. Id. Aggrieved, the plaintiffs filed a notice of appeal to the supreme court on August 15,1986. Id.
¶ 21. On appeal, the defendant argued that: (1) the plaintiffs’ motion for a new trial or additur was time-barred pursuant to Rule 59(b); (2) pursuant to Rule 6(b), the ten-day limitation was mandatory and jurisdictional; and (3) the plaintiffs’ appeal was time-barred because the plaintiffs failed to file their appeal within thirty days of the final judgment, which was entered on May 6, 1986. Id. The supreme court stated that Rule 6(b) provided that:
When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), 59(e), 60(b), and 60(c) except to the extent and under the conditions therein stated.
Id. at 180-81 (citing M.R.C.P. 6(b)). Based on the foregoing, the supreme court found that:
We interpret the ten[-]day limit set forth in Rule 59(b) to be jurisdictional and mandatory. The rule states an inflexible standard. The trial court had no jurisdiction to consider the untimely motion filed by the [plaintiffs], and the appeal from the void order denying that motion must be docketed and dismissed.
Id. at 181. Because the plaintiffs failed to file their post-trial motions within the ten-day limitation, the supreme court held that *271 the time to appeal began to run from the judgment entered on May 6, 1986. Id. Since the plaintiffs failed to file their appeal within thirty days of the entry of the final judgment, the supreme court dismissed the plaintiffs’ appeal. Id.
¶22. Like the trial court in Tel-ford, the chancellor in this case lacked jurisdiction to enlarge the limitation period within to file any post-trial motions. As previously mentioned, Drew’s motion requesting specific findings of fact and his motion to reconsider were time-barred by the ten-day limitation prescribed by Rule 52(b) and Rule 59(e), respectively. Since Drew’s post-trial motions were time-barred and the chancellor lacked jurisdiction to consider the motions on the merits, the memorandum opinion filed on April 27, 2007, was void.
¶ 28. The January 17, 2007, judgment attended to all of the issues before the chancellor: (1) the support of the minor children; (2) the equitable distribution of the marital assets and liabilities; (3) whether to award Janet alimony; and (4) whether to award Janet attorney’s fees. The January 17, 2007, judgment was properly entered, giving the chancellor’s decision legal effect. This is also evidenced by the fact that, on January 18, 2007, an order by the chancellor was entered, notifying Drew’s employer that Janet was granted one-half of his thrift savings plan. Having fully resolved all issues submitted to her, the chancellor’s January 17, 2007, judgment was a final judgment. Thus, Drew was required to perfect his appeal thirty days from January 17, 2007, and we will calculate the time within which Drew and Janet had to file their post-trial motions and appeals from this date.
B. Drew’s appeal is time-barred.
¶ 24. Mississippi Rule of Appellate Procedure 4(a) provides that the notice of appeal shall be filed within thirty days of the entry of the final judgment or order appealed from. Drew does not argue that the chancellor erred by denying his motion to reconsider. Drew only challenges the awards of permanent periodic alimony and attorney’s fees. Therefore, Drew attempts to appeal from the chancellor’s final judgment. As we previously found, the chancellor’s final judgment was entered on January 17, 2007. Drew did not file this appeal until May 22, 2007, more than thirty days after the entry of final judgment. This Court can only presume that the chancellor’s formal reservation of the right to require briefs and to further make findings of fact and conclusions of law, coupled with the entry of an order on the Court’s own motion requiring briefing, may have caused Drew to conclude that he had additional time in which to seek post-trial relief. Consistent with the supreme court’s holding in Telford, the chancery court was required to exercise its authority within the confines of the appropriate procedural rules. The failure to do so in this case, as in Telford, deprived the chancery court of the authority to act. When the chancery court on February 2, 2007, acting on its own motion, required briefing from the attorneys “in support of their client’s positions regarding the Complaint for Divorce and Answer to Complaint and all issues addressed in the Defendant’s Request for Specific Finding of Fact,” there was nothing which was properly pending before the court upon which briefing could have been ordered, except the question of whether jurisdiction existed to grant the requested relief. The chancellor’s mistaken belief that she had additional authority did not extend her jurisdiction, nor did it extend the time for Drew’s post-trial motions. Since Drew’s appeal is time-barred, we dismiss this appeal for want of jurisdiction.
¶ 25. Although this Court is procedurally barred from addressing the merits of Drew’s claims, the Court notes that Drew *272 still has the option of requesting a modification of alimony from the chancery court. This Court has stated that:
The party seeking a modification of support must show that there has been a material change in circumstances arising after the last decree. The change must be one which could not have been reasonably anticipated at the time of the decree.
McCraw v. McCraw, 759 So.2d 519, 521(4) (Miss.Ct.App.2000) (internal citations omitted). Despite our dismissal of Drew’s appeal, this avenue of recourse remains available to him.
CONCLUSION
¶ 26. We find that the final judgment in Drew and Janet’s divorce was entered on January 17, 2007. Drew’s motion to reconsider was time-barred because he filed the motion more than ten days after the entry of the judgment. Drew’s motion requesting specific findings of fact was also time-barred as he filed the motion more than ten days after the entry of the judgment. The chancellor granted the motion for specific findings of fact; however, the chancellor’s decision to make additional findings was only harmless error. Drew did not file this appeal until May 22, 2007, more than thirty days after the entry of the final judgment on January 17, 2007. Therefore, we find that Drew’s appeal is time-barred and dismiss this appeal for want of jurisdiction.
¶ 27. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).

. Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993).

.Davis v. Davis, 832 So.2d 492, 497(19) (Miss.2002).

. The final judgment was filed on January 5, 2007. However, the final judgment was not formally entered in the record by the clerk until January 17, 2007.