GREENLEE, J., SPECIALLY CONCURRING:
 

 ¶ 52. I concur with the majority concerning the validity of the arbitration agreement. However, as the majority's opinion solidifies a change in course in determination of appellate jurisdiction, I would like to discuss this change and, therefore, specially concur.
 

 ¶ 53. Appellate courts, such as ours, are charged to address the presence of their own jurisdiction over each case.
 
 E.g.
 
 ,
 
 Gallagher v. City of Waveland
 
 ,
 
 182 So.3d 471
 
 , 474 (¶ 13) (Miss. Ct. App. 2015).
 

 ¶ 54. Before
 
 Wilburn v. Wilburn
 
 ,
 
 991 So.2d 1185
 
 (Miss. 2008), we specifically adhered to the language of the rules of civil procedure promulgated by our supreme court. Our Mississippi Rule of Appellate Procedure Rule 4(d), notes, "If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d). Rule 4(d) then specifies those timely motions.
 

 ¶ 55. The Mississippi Rule of Civil Procedure pertinent to the case at hand is Rule 59(e). It reads, "A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment." M.R.C.P. 59(e). Prior to
 
 Wilburn
 
 , our courts interpreted this rule to impact our jurisdiction. If a party filed a timely Rule 59 motion, then the time for appeal was tolled; on the other hand, if a party filed an untimely Rule 59 motion, then the time for appeal was not tolled, and if notice of appeal was not filed within thirty days of the entry of the judgment, then the appellate court had no jurisdiction.
 
 Telford v. Aloway
 
 ,
 
 530 So.2d 179
 
 , 181 (Miss. 1988) ("We interpret the ten day time limit set forth in Rule 59(b) to be jurisdictional and mandatory.");
 
 In re A.M.A.
 
 ,
 
 986 So.2d 999
 
 , 1007 (¶ 14) (Miss. Ct. App. 2007) (holding that Rule 4(d) did not toll the time for appeal because the appellant did not file the Rule 59(a) motion until forty-two days after judgment);
 
 Hill ex rel. Heirs of Florence Cobb v. McLaurin
 
 ,
 
 769 So.2d 257
 
 , 259 (¶ 9) (Miss. Ct. App. 2000) (holding an appeal was untimely because the Rule 59(e) motion was filed outside of the ten days allowed, which would have tolled the time to appeal).
 

 ¶ 56. Our supreme court discussed the jurisdictional impact of timely-filed Rule 59 motions in
 
 Wilburn
 
 . In
 
 Wilburn
 
 , the court did not directly address the court's duty to determine the existence of its own appellate jurisdiction. In
 
 Wilburn
 
 , the appellant had filed a Rule 59 motion to reconsider more than ten days after entry of judgment.
 
 Wilburn
 
 ,
 
 991 So.2d at 1191
 
 (¶ 12). Because at the trial court level the appellee did not object to the untimely motion, the supreme court found that such objection before an appellate court had been waived.
 

 Id.
 

 at (¶ 13). Therefore, the appellant could not raise the issue for the first time on appeal.
 

 Id.
 

 The supreme court
 then proceeded to rule on the merits of the appeal.
 

 ¶ 57. After
 
 Wilburn
 
 , we considered the case to have been "the only instance in which our supreme court has allowed such a review,"
 
 Walker v. May
 
 ,
 
 166 So.3d 613
 
 , 615 (¶ 8) (Miss. Ct. App. 2015), and showed hesitancy in embracing the
 
 Wilburn
 
 proposition.
 

 Id.
 

 (¶ 9) ("Accordingly, it is our position that this Court does not have jurisdiction to consider this appeal. However, as May did not object to the timeliness of the motion, in deference to the supreme court's holding in
 
 Wilburn
 
 , we will briefly address the merits.").
 

 ¶ 58. In
 
 Carter v. Carter
 
 ,
 
 204 So.3d 747
 
 (Miss. 2016), our supreme court further amplified
 
 Wilburn
 
 's holding that the lack of objection to an untimely Rule 59 motion procedurally bars an appellee from raising the issue of timeliness for the first time on appeal.
 

 Id.
 

 at 754
 
 (¶ 31) (citing
 
 Wilburn v. Wilburn
 
 ,
 
 991 So.2d 1185
 
 , 1190-91 (¶ 11) (Miss. 2008) ).
 

 ¶ 59. In
 
 Carter
 
 , the supreme court approvingly cites the United States Supreme Court case of
 
 Bowles v. Russell
 
 ,
 
 551 U.S. 205
 
 , 214,
 
 127 S.Ct. 2360
 
 ,
 
 168 L.Ed.2d 96
 
 (2007), for the assertion that "it is true that the 'timely filing of a notice of appeal in a civil case is a jurisdictional requirement.' "
 
 Carter
 
 ,
 
 204 So.3d at 755
 
 (¶ 32). In
 
 Bowles
 
 ,
 
 551 U.S. at 207
 
 ,
 
 127 S.Ct. 2360
 
 , a litigant filed a notice of appeal outside of the statutorily authorized thirty-day period. The Court held that the time limit was jurisdictional in nature-rather than claim-processing-so it was not subject to forfeiture or waiver.
 

 Id.
 

 at 213
 
 ,
 
 127 S.Ct. 2360
 
 . The Court emphasized that it had "long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.' "
 

 Id.
 

 at 209
 
 ,
 
 127 S.Ct. 2360
 
 (citing
 
 Griggs v. Provident Consumer Discount Co.
 
 ,
 
 459 U.S. 56
 
 , 61,
 
 103 S.Ct. 400
 
 ,
 
 74 L.Ed.2d 225
 
 (1982) (per curiam);
 
 Hohn v. United States
 
 ,
 
 524 U.S. 236
 
 , 247,
 
 118 S.Ct. 1969
 
 ,
 
 141 L.Ed.2d 242
 
 (1998) ;
 
 Torres v. Oakland Scavenger Co.
 
 ,
 
 487 U.S. 312
 
 , 314-15,
 
 108 S.Ct. 2405
 
 ,
 
 101 L.Ed.2d 285
 
 (1988) ;
 
 Browder v. Dir., Dep't of Corr. of Ill.
 
 ,
 
 434 U.S. 257
 
 , 264,
 
 98 S.Ct. 556
 
 ,
 
 54 L.Ed.2d 521
 
 (1978) ). By its discussion in
 
 Carter
 
 , our supreme court seemed to adopt the differential noted between claims-processing rules versus jurisdictional mandates found in federal caselaw,
 
 Carter
 
 ,
 
 204 So.3d at 755
 
 (¶¶ 33-34) (citing
 
 Blue v. Int'l Bhd. of Elec. Workers Local Union 159
 
 ,
 
 676 F.3d 579
 
 , 584-85 (7th Cir. 2012) ;
 
 Lizardo v. United States
 
 ,
 
 619 F.3d 273
 
 , 277-78 (3d Cir. 2010) ;
 
 Nat'l Ecological Found. v. Alexander
 
 ,
 
 496 F.3d 466
 
 , 475-76 (6th Cir. 2007) ), and further amplified in
 
 Bowles
 
 .
 

 ¶ 60. We recognize that our Rules of Civil Procedure were modeled on the Federal Rules of Civil Procedure.
 
 See generally
 
 Guthrie T. Abbott,
 
 The Proposed Mississippi Rules of Civil Procedure
 
 ,
 
 49 Miss. L.J. 285
 
 , 289 (1978). Because of this, our courts may look for guidance as to how Federal courts have construed Federal rules.
 
 Nichols v. Tubb
 
 ,
 
 609 So.2d 377
 
 , 383 (Miss. 1992).
 

 ¶ 61. As the state's appellate courts had-before
 
 Wilburn
 
 and
 
 Carter
 
 -routinely found that the time to file a Rule 59 motion was binding on our jurisdictional requirement of a timely-filed notice of appeal, the treatment provided in
 
 Wilburn
 
 and
 
 Carter
 
 is a departure from established precedent. Our supreme court seems to recognize, as the United States Supreme Court did in
 
 Bowles
 
 , that "procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion ...."
 
 Bowles
 
 ,
 
 551 U.S. at 212
 
 ,
 
 127 S.Ct. 2360
 
 (quoting
 
 Schacht v. United States
 
 ,
 
 398 U.S. 58
 
 , 64,
 
 90 S.Ct. 1555
 
 ,
 
 26 L.Ed.2d 44
 
 (1970) ). New Mississippi ground is being broken; I therefore specially concur.
 

 IRVING, P.J., BARNES AND TINDELL, JJ., JOIN THIS OPINION. WESTBROOKS, J., JOINS THIS OPINION IN PART.