MAXWELL, J.,
for the Court:
¶ 1. R.A.S. Jr. (“Matt”) argues the chancellor wrongly denied his request for an accounting of S.S.’s (“Anna”) use of child-support payments.[1] He also alleges the chancellor violated his due-process rights by restricting him from presenting evidence on his modification claim. Anna appeals from a different order, challenging the chancellor’s handling of her request for expenses, specifically those for the children’s transportation and school uniforms.[2]
¶ 2. We do not reach the merits since the chancellor failed to address all of the contested issues. Because additional unresolved claims remain and the chancellor did not enter a final, appealable order, we are without jurisdiction and must dismiss.
*1258 FACTS
¶ 3. Matt and Anna were divorced in 1998 based on irreconcilable differences. The chancellor approved the parties’ child custody and property-settlement agreement. He incorporated the terms of this agreement into the final judgment. Both parties were awarded joint legal custody of their six children, and Anna was given primary physical custody. Matt was required to pay $6,900 per month in child support.[3] The chancellor also required Matt to maintain policies for life, health, and dental insurance for the benefit of the children, and to pay all private school tuition costs.
¶ 4. In 2004, Matt filed a modification action, seeking to decrease his child support payments. Soon after, Anna filed an affidavit with the Greenwood Police Department accusing Matt of molesting two of their children. Matt was initially charged by indictment with two counts of gratification of lust. Both counts were eventually disposed of in 2007 when the State nolle prossed the indictment in part based on insufficient “corroboration to support continued prosecution.”
¶ 5. The next month Matt filed a motion for an accounting of Anna’s use of his child-support payments. The motion was purportedly filed on behalf of the children as “their next friend and joint legal guardian.” In May 2008, Matt filed an amended petition for modification seeking to reform the divorce decree’s original provisions for both child support and custody. On June 23, 2008, the chancellor held a motion hearing. Without hearing evidence, he held from the bench: “I’m going to leave the primary physical custody as it is under the prior order. I’m going to leave the joint legal as it is.” But the chancellor left Matt’s modification request unresolved. The chancellor made clear: “I’m not here today to decide that issue.... I’m not going to address those motions today as to whether or not they meet the legal standard.”
¶ 6. On January 15, 2009, the chancellor entered a written order denying Matt’s request for an accounting. But he reserved ruling on the modification action. Matt then filed a motion for a new trial. About six months later, Anna filed a “Petition for Assessment of Expenses,” seeking to have Matt pay various expenses under the terms of the original divorce decree. On July 22, 2009, the chancellor held a hearing on (1) Matt’s motion for a new trial and (2) Anna’s request for expenses.
¶ 7. The chancellor entered two written orders. In the first, he denied Matt’s motion for a new trial. His second order reflected his denial of Anna’s request for reimbursement for the children’s school uniform costs but did not resolve the children’s transportation costs. The parties appealed from these two written orders.
¶ 8. On appeal, Matt claims the chancellor erred by (1) denying a motion for accounting of child-support payments and (2) not allowing him to present evidence in support of his modification claim in violation of his due-process rights. Anna contends the chancellor erred by refusing to order Matt to pay for the children’s school uniforms and reasonable transportation costs.
¶ 9. Because the chancellor did not enter a final, appealable judgment, we are without jurisdiction to address the merits of the parties’ claims. We confine our analysis to the issue of jurisdiction.
*1259 DISCUSSION
¶ 10. When reviewing jurisdictional issues, our standard is de novo. Calvert v. Griggs, 992 So.2d 627, 631 (¶ 9) (Miss.2008). We must examine the finality of a chancellor’s order on our own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 11. Parties may only appeal from a final judgment unless otherwise provided by law. Miss.Code Ann. § 9-3-9 (Rev.2002); Miss.Code Ann. § 11-51-3 (Rev.2002). See also M.W.F., 926 So.2d at 899 (¶4); Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007). “A final, appealable, judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the lower court.” Anderson v. Anderson, 8 So.3d 264, 270 (¶ 18) (Miss.Ct.App.2009) (quoting Walters, 956 So.2d at 1053 (¶ 8)) (emphasis added and quotations omitted). The purpose behind this rule — sometimes called the final-judgment rule — has been -summarized as follows:
The ... rule minimizes appellate court interference with trial court proceedings, reduces the ability of a litigant to wear down an opponent with a succession of time-consuming appeals, and enables the appellate court to view the case as a whole and avoid questions which may be mooted by the shifting fortunes of trial combat.
Walters, 956 So.2d at 1053 (¶ 8) (quoting Nygaard v. Getty Oil Co., 877 So.2d 559, 561 (¶ 11) (Miss.Ct.App.2004)). Perhaps the most important function of the final-judgment rule is to prevent piecemeal appeals. Cf. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 203, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (interpreting federal statutorily derived final-judgment rule and explaining policy rationales behind it); Reeves Constr. & Supply, Inc. v. Corrigan, 24 So.3d 1077, 1083 (¶¶ 16-17) (Miss.Ct.App.2010). Allowing piecemeal appeals from various trial court rulings would undercut the efficient adjudication of controversies and needlessly consume judicial resources. See Cunningham, 527 U.S. at 203-04, 119 S.Ct. 1915.
¶ 12. Exceptions to the final-judgment rule exist. First, Mississippi Rule of Appellate Procedure 5 permits appeals from interlocutory orders under certain circumstances. But here the parties neither requested nor were granted permission to proceed with an interlocutory appeal. Second, parties may appeal from a proper Rule 54(b) judgment. Corrigan, 24 So.3d at 1083 (¶¶ 16-17). But a trial judge may only enter a Rule 54(b) judgment disposing of less than all claims between the parties “upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.” M.R.C.P. 54(b). There is no Rule 54(b) certification here.
¶ 13. With no exception applicable, we must discern whether the orders appealed from in this case conform to the final-judgment rule. A common sense application of the rule leads us to conclude the chancellor did not enter a final, appeal-able judgment.
¶ 14. At the June 23, 2008 motion hearing, the chancellor made clear several times that he would not rule on the modification matter until a later date. He stated plainly: “I’m not here today to decide that issue.... I’m not going to address those motions today as to whether or not they meet the legal standard.” Although the chancellor denied Matt’s request for an accounting, the January 15, 2009 written order shows he still did not make a final ruling on the modification matter:
[Matt’s] request that the court modify custody and allow [Matt] to enroll the *1260 minor children in a boarding school known as the “Webb School” in Tennessee is hereby denied at this time. Consistent with the court’s separate Order requiring [Anna] to engage in parental counseling ... the court will monitor the minor children’s parenting by [Anna] and their living situation, with custody modification being an option that the court may consider at a future date. The court will review its rulings regarding custody and boarding school in December of 2008[4] at a date and time to be agreed upon by the parties, their respective counsel and the guardian ad litem.
[[Image here]]

All other issues and claims previously raised by the paHies in this action should be continued to a date and time to be set by the court upon agreement of the parties and counsel.

(Emphasis added). The order also lacks any finding on Matt’s request for a downward modification of child support payments.[5]
¶ 15. Matt requested a new trial. He claimed, as he now does, that the chancellor erred in refusing to allow him to present evidence in support of his modification action. But we cannot address the validity of Matt’s argument since the chancellor did not rule on the custody and child-support issues.
¶ 16. The chancellor later signed an agreed order setting oral argument on Matt’s motion for a new trial. After hearing arguments on July 22, 2009, the chancellor from the bench made clear that he had not previously ruled on the modification action. The chancellor stated:
[T]he Court is satisfied that the order entered on January 28, 2009,[6] leaves open the issues to which [Matt] attempts to complain of today for the Court to hear another date. Specifically ... the Court said all other issues and claims previously raised by the parties in this action should be continued to a date to be set by the Court upon agreement with the parties and counsel. The CouH notes in reading this order entered January 8, 2009, nowhere does it deny the relief sought by [Matt] relative to the modification.
(Emphasis added). The chancellor also found no due-process violation had occurred and that his prior order “was prop-i erly entered[.]” These comments from the bench evince that the chancellor did not rule on Matt’s request for a modification. Nor did he decide whether a material change in circumstances had occurred. The chancellor later entered a written order denying Matt’s motion for new trial commenting only that it was “not well taken.”
¶ 17. At the July 22, 2009 hearing, the chancellor also heard arguments on Anna’s request for expenses. The chancellor denied from the bench Anna’s request for reimbursement for school uniform costs. As to her request for transportation expenses, the chancellor required Matt to determine the necessity of upgrading one of the children’s 1998 Toyota Camry. The chancellor conditionally found that once Matt had selected a reasonably priced re *1261 placement for the Camry, or decided not to purchase a replacement, the chancellor would “re-address” the issue, unless Anna were to concede Matt’s decision was reasonable. The chancellor stated, “I will need some proof on that.” In the subsequently entered written order, the chancellor found that a competent mechanic should examine the Camry and determine “if it is roadworthy and safe or needs to be upgraded.”
¶ 18. We also note that the chancellor’s written order contains various conditional rulings on Anna’s request that Matt furnish one-half the cost of their daughters’ car insurance. Although the chancellor addressed Anna’s request for certain expenses concerning the daughters’ vehicles, his orders left several disputed issues undecided.[7]
¶ 19. The Mississippi Supreme Court has found the final-judgment rule applicable in domestic-relations cases. See M.W.F., 926 So.2d at 899 (¶ 4). In M.W.F., the chancellor granted a fault-based divorce, but did not resolve the other contested issues of child custody and support, property division, and alimony. Id. These unresolved issues led the supreme court to find the chancellor’s judgment was not final. Id. at 899-900 (¶¶ 4-5). The supreme court dismissed the case for lack of appellate jurisdiction. Id. at 900 (¶¶ 5-7). Our supreme court has also held that parties may not appeal from a temporary order. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995).
¶ 20. The chancellor’s orders here were not final. We fully recognize that child-custody decisions are always subject to modification until the children’s emancipation. And no judgment entered is final in the sense of ending the case until that point. However, that the case involves custody modification does not eliminate the requirement that the chancellor enter a final, appealable judgment. Absent proper Rule 54(b) certification or the supreme court’s permission to proceed on an interlocutory appeal, which are both lacking here, piecemeal appeals are disallowed.
¶ 21. The chancellor clearly deferred ruling on contested issues, which he had not revisited when the parties appealed. Because we find the chancellor did not enter a final, appealable judgment, we dismiss this appeal for lack of jurisdiction.
¶ 22. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR.

. Because this case involves allegations of sexual abuse, the parties names remain confidential.

. The parties' separate appeals were consolidated.

. This amount was reduced during June and July when Matt kept the children more often. The agreement also provided for a reduction conforming to the child-support guidelines upon each child’s emancipation.

. We note that this written order was actually entered after December 2008, but the court’s findings related to the hearing held June 23, 2008.

. We note that Matt's request for child-support modification was conditioned on the chancellor granting a change in custody.

. It appears this date is wrong. The chancellor was apparently referencing the order which was dated January 8, 2009, and file stamped January 15, 2009.

. Anna labels her claims a “cross-appeal.” We find it is actually an appeal of a separate order, which this court has consolidated with Matt's appeal. Because her appeal, like Matt’s, was not from a final judgment, we need not address whether her appeal could survive on its own independent jurisdictional footing.