# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00138-COA

**JAMES D. HAVARD AND MARGARET HAVARD**          **APPELLANTS**

**v.**

**TANELLE SUMRALL**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/14/2015 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | S. WAYNE EASTERLING |
| | GERALD ALAN DICKERSON |
| ATTORNEY FOR APPELLEE: | DOUGLAS G. MERCIER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | DISMISSED FOR FAILURE TO PROSECUTE |
| DISPOSITION: | APPEAL DISMISSED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. In this medical-malpractice case, James D. Havard and Margaret Havard, who were the plaintiffs below, appeal the Lamar County Circuit Court's grant of a motion to dismiss for failure to prosecute filed by Tanelle Sumrall, one of the two defendants in the case. As the circuit court's judgment was not certified under Rule 54(b) of the Mississippi Rules of Civil Procedure, and the claim against the second named defendant, the Akeso Group LLC, remains pending before the circuit court, we dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    On November 29, 2012, the Havards filed an initial complaint alleging medical negligence against Sumrall, a nurse anesthetist.  The lawsuit stemmed from an alleged incident in November 2010 at a hospital in Hattiesburg, Mississippi, where James was scheduled for back surgery.  Prior to the surgeon's entering the operating room, Sumrall injected James with the drug epinephrine, which was contra-indicated, under the mistaken impression that the syringe contained another drug for anesthesia.  The syringe had actually been used in another procedure using epinephrine.  As a result of the injection of epinephrine, James suffered an immediate heart attack in the operating room.

¶3.    In January 2013, an amended complaint was filed adding Sumrall's employer, the Akeso Group, as a defendant.  A summons was issued to its president, John S. Daniel, in Memphis, Tennessee, on January 7, 2013, and delivered to the company via certified mail on January 10.  On January 11, 2013, Sumrall filed her answer to the amended complaint, claiming the injuries suffered by James were proximately caused by the acts or omissions of third parties.[1]  The docket indicates no activity on the case occurred from January 23, 2013,[2] until September 30, 2014, when the circuit court sent a trial-calendar notice to the parties.

¶4.    In October 2014, Sumrall filed a motion to dismiss for failure to prosecute under Mississippi Rule of Civil Procedure 41(b).  On November 10, 2014, the circuit court sent

---

[1] There is no indication on the docket of the Akeso Group's answering the amended complaint.

[2] On January 23, 2013, a notice and acknowledgment for service of the amended complaint by mail to the Akeso Group was filed with the circuit court.  It had been signed by its president on January 17, 2013.

2

the parties a notice presetting trial for July 2015.[3] In December 2014, the Havards propounded discovery to Sumrall.

¶5. On January 5, 2015, the Havards responded to Sumrall's motion to dismiss. On this same day a hearing on the motion occurred. Lead counsel for the Havards explained that he had had serious medical issues in April 2013, subsequent surgery, and a substantial rehabilitation period, which delayed activity in the case, but he did not feel Sumrall was prejudiced by this delay. Counsel for Sumrall argued that nearly two years had passed with no activity by the Havards – they could have filed a motion for additional time, but did nothing. At the hearing, no mention was made of the Akeso Group. The trial judge dismissed the claim against Sumrall for the Havards' failure to prosecute. However, the judgment did not dismiss the Havards' claims against the Akeso Group. The Havards appealed, claiming the dismissal against Sumrall was an abuse of discretion.

**ANALYSIS**

¶6. As Sumrall points out, the judgment and order of dismissal of the circuit court, from which the Havards appeal, is not a final judgment and thus is not appealable. "Generally, only final judgments are appealable." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006). To determine if a judgment or order is appealable, Rule 54(b) is instructive. It states:

> When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, *or when multiple parties are involved*, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed

---

[3] In the end of November 2014, the court received the envelope it had sent to the Akeso Group, with a United States Postal Service label stating "return to sender," "insufficient address," and "unable to forward."

determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b) (emphasis added). The comment to the rule further explains:

Rule 54(b) is designed to facilitate the entry of a final judgment upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving multiple claims or multiple parties, so as to enable the non-prevailing party to perfect an appeal as of right of a final judgment. *Absent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action that does not dispose of the entire action is interlocutory, even it if appears to adjudicate a separable portion of the controversy.*

M.R.C.P. 54(b) cmt. (emphasis added).

¶7. Here, the amended complaint named two defendants: Sumrall and the Akeso Group. The last appearance the Akeso Group made was on January 23, 2013, with the acknowledgment of service of the amended complaint. Even though it has never answered the complaint or appeared in the action, the Akeso Group is still a party to the action, and the Havards admit as much in their appellate reply brief. The trial court dismissed Sumrall from the action, but the order did not terminate the action against the Akeso Group, whose claims have not been adjudicated and thus are still pending at the trial-court level.[4] Finally, the trial

---

[4] In the Havards' reply brief, they state that since no appearance has been entered by Akeso Group, any attempt at seeking recovery is futile. They recommend that "in the interest of expediting decisions," this Court should suspend the rule requiring a final judgment under Mississippi Rule of Appellate Procedure 2(c). However, we have no authority to suspend Rules of Civil Procedure such as 54(b).

4

court's order was not certified as a final judgment under Rule 54(b). "[W]ithout the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory." *M.W.F.*, 926 So. 2d at 900 (¶4) (citation omitted). Thus, the order is interlocutory and not appealable. We accordingly dismiss this appeal for lack of jurisdiction.

¶8.    **THIS APPEAL IS DISMISSED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.  GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**