# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00329-COA

**BROOKE NEJAM HOFFMAN**                               **APPELLANT**

**v.**

**MICHAEL JOSEPH HOFFMAN**                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2015 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | THOMAS A. WALLER |
| ATTORNEYS FOR APPELLEE: | J. PEYTON RANDOLPH II RICK D. PATT |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | ATTORNEY'S FEES AWARDED TO APPELLEE |
| DISPOSITION: | APPEAL DISMISSED FOR LACK OF JURISDICTION - 09/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. This appeal emanates from divorce proceedings between Brooke Nejam Hoffman and Michael Joseph Hoffman. Specifically, Brooke appeals from the trial court's judgment awarding attorney's fees to Michael. Because we find this judgment was not a final, appealable judgment, we lack jurisdiction and must dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 23, 2013, Brooke filed a complaint for divorce against Michael. On March 7, 2013, the trial court entered an agreed temporary order. On May 29, 2013, Michael

filed a motion for contempt of the agreed temporary order claiming that he had been denied the opportunity to visit with his minor children.

¶3.     On September 23, 2014, the trial court entered an order finding Brooke in contempt of the agreed temporary order.  Also, on September 23, 2014, the trial court entered a separate order denying Brooke's complaint for a divorce.  The trial court instructed the parties to schedule a separate hearing for the purpose of taking proof relative to attorney's fees.  On October 2, 2014, Brooke filed a motion for reconsideration of the trial court's order finding her in contempt.

¶4.     On October 20, 2014, the trial court entered a final judgment denying the divorce.  On October 21, 2014, Brooke filed a motion for reconsideration of the judgment denying the divorce.  On October 22, 2014, Brooke's motion for reconsideration of the trial court's contempt order was denied.

¶5.     Despite two notices of hearing filed by Brooke for her motion for reconsideration of the judgment denying the divorce, her motion has not been resolved and remains pending in the trial court, based on the record before this Court.  On November 12, 2014, Michael filed a motion for attorney's fees.  Michael sought attorney's fees for the prosecution of his motion for contempt as well as for the defense of the divorce action.  A statement of legal fees was attached to the motion.  On January 22-23, 2015, the trial court held a hearing on the issue of attorney's fees.  On January 27, 2015, the trial court entered a judgment awarding Michael attorney's fees in the amount of $9,437.50 for prosecuting his contempt action.  In the same judgment, the trial court also awarded Michael $22,134.59 in attorney's fees he incurred in

2

successfully defending Brooke's divorce action.

¶6. On February 16, 2015, Brooke filed a motion entitled "MOTION to Amend[/]Correct Clarify Contempt Visitation Order, Temporary Order and Set Specific Visitation Schedule" (the "Motion to Amend").[1] Based on the trial-court docket, this motion has not been resolved and is pending in the trial court. On February 25, 2015, Brooke filed a notice of appeal of the trial court's judgment awarding attorney's fees.

¶7. Brooke designated the following items for the record on appeal: the judgment awarding attorney's fees; the transcript from the hearing on attorney's fees with exhibits; and Michael's motion for attorney's fees. Brooke raises a single issue on appeal, which is whether the trial court erred in awarding Michael attorney's fees. Michael argues that this Court is without jurisdiction.

## STANDARD OF REVIEW

¶8. This Court reviews jurisdictional issues under a de novo standard of review. *R.A.S. Jr. v. S.S.*, 66 So. 3d 1257, 1261 (¶10) (Miss. Ct. App. 2011) (citing *Calvert v. Griggs*, 992 So. 2d 627, 631 (¶9) (Miss. 2008)).

## DISCUSSION

¶9. In general, only final judgments are appealable. *S.E.B. v. R.E.B.*, 67 So. 3d 14, 16 (¶9) (Miss. Ct. App. 2011) (citing *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). "A final, appealable, judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the [trial] court."

---

[1](Italics removed).

*Newson v. Newson*, 138 So. 3d 275, 277-78 (¶6) (Miss. Ct. App. 2014) (quoting *Walters v.*

*Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007)). An important function of this

final-judgment rule is to prevent piecemeal appeals. *R.A.S. Jr.*, 66 So. 3d at 1261 (¶11).

¶10. Mississippi Rule of Civil Procedure 54(b) provides an exception to the final-judgment

rule:

> When more than one claim for relief is presented in an action . . . or when
> multiple parties are involved, the court may direct the entry of a final judgment
> as to one or more but fewer than all of the claims or parties only upon an
> expressed determination that there is no just reason for delay and upon an
> expressed direction for the entry of the judgment. In the absence of such
> determination and direction, any order or other form of decision, however
> designated which adjudicates fewer than all of the claims or the rights and
> liabilities of fewer than all the parties shall not terminate the action as to any
> of the claims or parties and the order or other form of decision is subject to
> revision at any time before the entry of judgment adjudicating all the claims
> and the rights and liabilities of all the parties.

¶11. If the trial court enters a Rule 54(b) judgment, it must do so in a definite, unmistakable

manner. *Harris v. Waters*, 40 So. 3d 657, 658-59 (¶5) (Miss. Ct. App. 2010) (citing

M.R.C.P. 54(b) cmt.). Here, the trial court did not certify that the judgment awarding

attorney's fees was an appealable judgment under Rule 54(b). "Absent a certification under

Rule 54(b), any order in a multiple[-]party or multiple[-]claim action, even if it appears to

adjudicate a separable portion of the controversy, is interlocutory." *Newson*, 138 So. 3d at

277 (¶7) (citing M.R.C.P. 54 cmt.).

¶12. "An interlocutory order without a Rule 54 certification is only appealable if the

Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of

Appellate Procedure; this Court has no jurisdiction to hear it otherwise." *Jackson v. Lowe*,

65 So. 3d 879, 881-82 (¶7) (Miss. Ct. App. 2011). Brooke neither sought nor was granted permission to proceed with an interlocutory appeal under Rule 5.

¶13. Based on the record before us, Brooke's motion for reconsideration of the judgment denying a divorce has not been resolved. Also, Brooke's Motion to Amend has not been resolved. These unresolved issues of the divorce proceedings between Michael and Brooke remain pending in the trial court.

¶14. The judgment awarding attorney's fees from which Brooke has appealed to this Court was simply a judgment granting Michael attorney's fees for successfully prosecuting a contempt action and defending Brooke's complaint for divorce. Because the trial court did not grant a proper Rule 54(b) certification nor, did the supreme court grant Brooke permission to proceed on an interlocutory appeal, the judgment is not a final, appealable judgment. Accordingly, we dismiss this appeal for lack of jurisdiction.

¶15. **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**