# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01585-COA

### CONSOLIDATED WITH

## NO. 2015-CA-00138-COA

JAMES D. HAVARD AND WIFE, MARGARET HAVARD                                                  APPELLANTS

v.

TANELLE SUMRALL AND AKESO GROUP LLC                                              APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2016 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | S. WAYNE EASTERLING |
| | GERALD ALAN DICKERSON |
| ATTORNEYS FOR APPELLEES: | DOUGLAS G. MERCIER |
| | JESSICA LEIGH DILMORE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 11/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    James and Margaret Havard filed a medical-malpractice complaint against Tanelle Sumrall. The Havards then amended their complaint to include Sumrall's employer, the Akeso Group. Sumrall moved to dismiss the Havards' claim against her for failure to prosecute. *See* M.R.C.P. 41(b). The Lamar County Circuit Court granted Sumrall's motion to dismiss, and the Havards appeal. In response, Sumrall asserts this Court lacks jurisdiction.

Upon review, we find we possess jurisdiction over the matter. We further find no abuse of discretion in the circuit court's dismissal of the Havards' complaint against Sumrall for failure to prosecute.[1] We therefore affirm the circuit court's judgment.

¶2. After addressing the relevant procedural history and facts of this litigation, we will resolve the question of jurisdiction. We will then address whether the circuit court abused its discretion by dismissing the Havards' complaint against Sumrall for failure to prosecute.

**FACTS**

¶3. The Havards previously attempted an unsuccessful appeal of the circuit court's dismissal of their claim against Sumrall, one of the defendants named in their medical-malpractice complaint. *Havard v. Sumrall*, 194 So. 3d 188, 189 (¶1) (Miss. Ct. App. 2016). In our opinion dismissing the prior attempted appeal as interlocutory, we summarized the facts pertinent to Sumrall as follows:

> On November 29, 2012, the Havards filed an initial complaint alleging medical negligence against Sumrall, a nurse anesthetist. The lawsuit stemmed from an alleged incident in November 2010 at a hospital in Hattiesburg, Mississippi, where James was scheduled for back surgery. Prior to the surgeon's entering the operating room, Sumrall injected James with the drug epinephrine, which was contra-indicated, under the mistaken impression that the syringe contained another drug for anesthesia. The syringe had actually been used in another procedure using epinephrine. As a result of the injection of epinephrine, James suffered an immediate heart attack in the operating room.
>
> In January 2013, an amended complaint was filed adding Sumrall's employer, the Akeso Group, as a defendant. A summons was issued to its president, John S. Daniel, in Memphis, Tennessee, on January 7, 2013, and delivered to the company via certified mail on January 10. On January [14],

---

[1] *See Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010) (applying an abuse-of-discretion standard of review to a Rule 41(b) dismissal).

2013, Sumrall filed her answer to the amended complaint, claiming the injuries suffered by James *were proximately caused by the acts or omissions of third parties*. The docket indicates no activity on the case occurred from January 23, 2013, until September 30, 2014, when the circuit court sent a trial-calendar notice to the parties.

In October 2014, Sumrall filed a motion to dismiss for failure to prosecute under [Rule] 41(b). On November 10, 2014, the circuit court sent the parties a notice presetting trial for July 2015. In December 2014, the Havards propounded discovery to Sumrall.

On January 5, 2015, the Havards responded to Sumrall's motion to dismiss. On this same day a hearing on the motion occurred. Lead counsel for the Havards explained that he had had serious medical issues in April 2013, subsequent surgery, and a substantial rehabilitation period, which delayed activity in the case, but he did not feel Sumrall was prejudiced by this delay. Counsel for Sumrall argued that nearly two years had passed with no activity by the Havards—they could have filed a motion for additional time, but did nothing. At the hearing, no mention was made of the Akeso Group. The trial judge dismissed the claim against Sumrall for the Havards' failure to prosecute. However, the judgment did not dismiss the Havards' claims against the Akeso Group. The Havards appealed, claiming the dismissal against Sumrall was an abuse of discretion.

*Id.* at 189-90 (¶¶2-5) (internal footnotes omitted and emphasis added).

¶4. In dismissing the Havards' attempted appeal for lack of jurisdiction, we found the circuit court's dismissal of their claim against Sumrall constituted an interlocutory, rather than final, judgment. In so finding, we stated the following:

[T]he amended complaint named two defendants: Sumrall and the Akeso Group. The last appearance the Akeso Group made was on January 23, 2013, with the acknowledgment of service of the amended complaint. Even though it has never answered the complaint or appeared in the action, the Akeso Group is still a party to the action, and the Havards admit as much in their appellate reply brief. The trial court dismissed Sumrall from the action, but the order did not terminate the action against the Akeso Group, whose claims have not been adjudicated and thus are still pending at the trial-court level. Finally, the trial court's order was not certified as a final judgment under [Mississippi Rules of Civil Procedure] 54(b). Without the entry of a Rule 54(b) certificate,

3

> a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory. Thus, the order is interlocutory and not appealable.

*Id.* at 190-91 (¶7) (internal citations, quotations, and footnote omitted).

¶5. After the dismissal of their attempted appeal, the Havards successfully sought a default judgment against the Akeso Group, the remaining defendant in their medical-malpractice lawsuit. The circuit clerk made the entry of default against the Akeso Group on July 11, 2016. *See* M.R.C.P. 55(a). Following a hearing, the circuit court's judgment of default and damages against the Akeso Group was entered on October 31, 2016, and stamped as filed on November 1, 2016. *See* M.R.C.P. 55(b). The circuit court found the Akeso Group had failed to file an answer or enter an appearance after receiving proper service of process. Based on the hearing testimony and evidence, the circuit court held James had sustained $500,000 in non-economic damages, $250,000 in medical expenses, and $520,000 in lost income over eight years. The circuit court therefore awarded the Havards a $1,270,000 judgment against the Akeso Group.

¶6. On November 7, 2016, the Havards filed their second notice of appeal and again asserted that the circuit court erred in its January 2015 judgment when it dismissed their complaint against Sumrall for failure to prosecute.[2]

## DISCUSSION

### I. Jurisdiction

¶7. The only issue the Havards raise on appeal is whether an abuse of discretion occurred

---

[2] The record reflects a copy of the Havards' notice of appeal from the January 2015 judgment of dismissal was mailed to the Akeso Group in accordance with the Mississippi Rules of Appellate Procedure.

4

when, by its January 2015 "Judgment and Order of Dismissal," the circuit court dismissed their lawsuit against Sumrall for failure to prosecute. In response, Sumrall contends this Court still lacks jurisdiction over the matter.[3] According to Sumrall, the circuit court's January 2015 "Judgment and Order of Dismissal" fails to constitute a final judgment because the circuit court never certified it as such under Rule 54(b) and because the judgment failed to adjudicate the merits of the Havards' claims against both her and the Akeso Group.

¶8. As Sumrall asserts, the record shows the circuit court's November 1, 2016 judgment against the Akeso Group set forth no identification as a certified final judgment. *See* M.R.C.P. 54(b). However, we find that Sumrall's argument fails to address that the Havards only raise this appeal after the circuit court's judgment against the Akeso Group finally adjudicated all the remaining claims among the parties. Consequently, we find that Sumrall fails to address the provision in Mississippi Rule of Civil Procedure 58 that a judgment finally resolving all claims as to all parties constitutes a final judgment when entered pursuant to Mississippi Rule of Civil Procedure 79(a), even if not properly titled. *See* M.R.C.P. 58.

¶9. This Court previously determined that the circuit court's January 15, 2015 dismissal of the Havards' complaint against Sumrall constituted an interlocutory order. *Havard*, 194 So. 3d at 190-91 (¶7). Thus, the crux of the issue before us is whether the November 1, 2016 judgment against the Akeso Group constituted a final judgment that resolved all the claims

---

[3] Sumrall also raises additional arguments relating to the default judgment the Havards obtained against the Akeso Group. However, because Sumrall was not a party to that litigation and filed no cross-appeal in the present matter, we decline to address her other assignments of error.

among the parties, and if so, whether the Havards timely asserted their appeal and claims of error following the November 1, 2016 judgment.

¶10.    Jurisdiction constitutes a question of law that we review de novo. *Weeks v. State*, 139 So. 3d 727, 729 (¶5) (Miss. Ct. App. 2013).  "An appeal . . . may be taken as a matter of right only after the trial court disposes of all the claims against all defendants." *Calvert v. Griggs*, 992 So. 2d 627, 631 (¶10) (Miss. 2008).  In general, only final judgments are appealable. *Newson v. Newson*, 138 So. 3d 275, 277 (¶6) (Miss. Ct. App. 2014).  "An important function of this final-judgment rule is to prevent piecemeal appeals." *Hoffman v. Hoffman*, 200 So. 3d 465, 468 (¶9) (Miss. Ct. App. 2016) (citing *R.A.S. Jr. v. S.S.*, 66 So. 3d 1257, 1261 (¶11) (Miss. Ct. App. 2011)).

¶11.    We acknowledge that, "[a]bsent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." *Id.* at (¶11) (quoting *Newson*, 138 So. 3d at 277 (¶7)).  "Consequently, a judgment will only be considered final and appealable if it adjudicates the merits of the controversy which settles all the issues as to all the parties and requires no further action by the lower court." *Rigdon v. Miss. Farm Bureau Fed'n*, 22 So. 3d 321, 324 (¶7) (Miss. Ct. App. 2009) (citation and internal quotation marks omitted).  Even so, we recognize that Rule 58 provides:

> Every judgment shall be set forth on a separate document which bears the title of "Judgment."  However, a judgment which fully adjudicates the claim as to all parties and which has been entered as provided in [Rule] 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled.

¶12.   Rule 79(a) further states:

> The clerk shall keep a book known as the "general docket" of such form and style as is required by law and shall enter therein each civil action to which these rules are made applicable. The file number of each action shall be noted on each page of the docket whereon an entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted in this general docket on the page assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made. In the event a formal order is entered, the clerk shall insert the order in the file of the case.

¶13.   Following this Court's dismissal of their first attempted appeal for lack of jurisdiction, the Havards obtained a default judgment against the only remaining defendant, the Akeso Group. The default judgment finally adjudicated the Havards' claims against the Akeso Group at the trial-court level. *See Woodkrest Custom Homes Inc. v. Cooper*, 108 So. 3d 460, 465 (¶14) (Miss. Ct. App. 2013) ("When a judgment by default is entered, it is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as a judgment rendered after a trial on the merits." (quoting M.R.C.P. 55 cmt.)). After the circuit court signed its judgment awarding the Havards damages against the Akeso Group, the circuit clerk, in accordance with Rule 79(a), stamped the judgment as filed on November 1, 2016, and entered the judgment into the general docket on the same date. *See* M.R.C.P. 79(a). The Havards then filed their appeal with this Court on November 7, 2016, and raised as error the circuit court's January 2015 dismissal of their complaint against Sumrall. Thus, the Havards timely raised the instant appeal and claim of error within thirty days of entry of the judgment that finally resolved all claims among all the parties.

7

Accordingly, we find we now possess jurisdiction to review the Havards' appeal.

## II. Rule 41(b) Dismissal

¶14. Trial courts possess the authority to dismiss an action due to a plaintiff's failure to prosecute. M.R.C.P. 41(b). Even so, "[b]ecause the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Holder*, 54 So. 3d at 196 (¶16) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (¶13) (Miss. 2002)). We review a Rule 41(b) dismissal for abuse of discretion, and we affirm when the following factors exist: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by [an appellate court] that lesser sanctions would not serve the interests of justice. Additional 'aggravating factors' or actual prejudice may bolster the case for dismissal, but are not requirements." *Id.* at 196-97 (¶¶16, 18).

### a. Clear Record of Delay

¶15. The Havards challenge the circuit court's finding that "a clear record of delay and dilatory conduct" warranted the dismissal of their claim against Sumrall. Mississippi caselaw holds that "[d]elay alone may suffice for a dismissal under Rule 41(b)" and that "[f]actors other than delay are not required." *Id.* at 198 (¶20) (citation omitted). Here, the circuit court relied on the passage of time to find delay, determining that the Havards failed to prosecute their action against Sumrall for almost two years.

¶16. In *Holder*, the supreme court affirmed a trial court's Rule 41(b) dismissal for failure to prosecute due to the plaintiffs' delay. *Id.* at 194 (¶1). In so doing, the supreme court acknowledged that no set time limit exists for the prosecution of an action once it has been

8

filed and that a Rule 41(b) dismissal will be upheld when the record shows the plaintiff has been guilty of dilatory or contumacious conduct and that lesser sanctions would not suffice. *Id.* at 197 (¶17). Factors other than delay are not required to support a Rule 41(b) dismissal for lack of prosecution when a lesser sanction would not serve the interests of justice. *Id.* at 198 (¶20). The *Holder* court further explained that, where a clear record of delay exists, no showing of contumacious conduct is also required to support dismissal. *Id.* Moreover, actual prejudice is not required for dismissal for lack of prosecution, and prejudice may be presumed from an unreasonable delay. *Id.* at 199 (¶28).

¶17. In the present case, the Havards' lawsuit stemmed from a November 2010 incident at a Hattiesburg hospital. The Havards filed their initial complaint against Sumrall on November 29, 2012. On January 7, 2013, they filed an amended complaint that added Sumrall's employer, the Akeso Group, as a defendant. On January 14, 2013, Sumrall filed her answer and affirmative defenses to the amended complaint. On January 23, 2013, the Akeso Group filed a notice acknowledging receipt of service of the amended complaint. Then, for over a year and a half, no activity occurred in the case until the circuit court sent the parties a trial-calendar notice on September 30, 2014. The following month, on October 21, 2014, Sumrall filed her motion to dismiss the Havards' claim against her. On November 10, 2014, the circuit court sent the parties a notice of presetting for the trial.

¶18. On December 15, 2014, a notice of hearing was filed for Sumrall's motion to dismiss. Following this, on December 30, 2014, the Havards propounded discovery to Sumrall. This marked the Havards' first effort to prosecute their case against Sumrall since they filed their

amended complaint almost two years earlier on January 7, 2013. On January 5, 2015, the same day as the hearing on Sumrall's motion to dismiss, the Havards filed their response to Sumrall's motion.

¶19. At the hearing on Sumrall's motion to dismiss, the Havards' attorney, Wayne Easterling, admitted that an almost two-year delay had occurred, but he contended that mitigating factors existed. Easterling explained that both he and his client had dealt with serious medical issues that had resulted in the delay. Easterling informed the circuit court that he had suffered his own medical condition in April 2013 and had then undergone surgery and rehabilitation, which prevented him from working on the case. Easterling further argued that Sumrall had suffered no prejudice from the delay. Sumrall, however, responded that she had suffered prejudice, and she argued that, instead of taking no action during the almost two-year delay, the Havards could have at least filed a request for additional time.[4]

¶20. In the almost two-year period following the filing of their amended complaint, the Havards submitted no discovery requests to Sumrall and disclosed no expert witnesses to support their medical-malpractice claim. *See* M.R.C.P. 26. As the record reflects, the Havards failed to begin their discovery until well beyond the deadlines established by Rule 4.04(A) of the Uniform Rules of Circuit and County Court.[5] In addition, the Havards'

---

[4] *See State ex rel. Hood v. Louisville Tire Ctr. Inc.*, 204 So. 3d 1250, 1254 (¶11) (Miss. 2016) (recognizing that the plaintiff "neither filed nor pursued anything for approximately three years"); *Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 116 (¶21) (Miss. 2014) (finding the plaintiff "fail[ed] to take any action in her case for two years after filing suit").

[5] Effective July 1, 2017, Rule 4.04(A) was renumbered as Rule 4.03(A) of the newly renamed Uniform Civil Rules of Circuit and County Court.

10

response to Sumrall's motion to dismiss was reactionary and not within the ten-day time limit set by Rule 4.03(2) of the Uniform Rules of Circuit and County Court.[6] *See also Holder*, 54 So. 3d at 197 (¶19) (discussing the plaintiffs' untimely discovery submissions and failure to timely file a response to the defendant's motion to dismiss).

¶21.    Sumrall filed her motion to dismiss on October 21, 2014, and the Havards failed to respond until January 5, 2015, the day of the hearing on Sumrall's motion.  In accordance with Rule 4.04(A), "[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant."  Sumrall filed her answer and affirmative defenses to the amended complaint on January 8, 2013.  The Havards propounded no discovery until December 30, 2014, almost two years after Sumrall answered the amended complaint and over two months after Sumrall filed her motion to dismiss for failure to prosecute.

¶22.    The supreme court has acknowledged that motions to dismiss for failure to prosecute are considered on a case-by-case basis.  *Holder*, 54 So. 3d at 197 (¶17).  The record here supports a finding of a clear record of delay since the Havards failed to begin their own discovery until approximately two years after Sumrall answered the amended complaint and since they only did so after Sumrall filed her motion to dismiss for failure to prosecute.  *Cf. Beck v. Sapet*, 937 So. 2d 945, 950 (¶¶12-13) (Miss. 2006) (finding that a party's repeated failure to comply with discovery requests warranted dismissal with prejudice).   In determining whether the record reflects a clear record of delay or contumacious conduct, courts may consider whether a plaintiff's activity was in reaction to a defendant's motion to

---

[6] Rule 4.03(2) has been renumbered as Rule 4.02(2) of the Uniform Civil Rules of Circuit and County Court.

11

dismiss. *Holder*, 54 So. 3d at 198 (¶22). As acknowledged, the record here clearly reflects the Havards began discovery as a reactionary measure to Sumrall filing her motion to dismiss and that they did so well beyond the deadlines set forth in Rule 4.04(A).

¶23. As in *Holder*, the record shows the Havards also failed to move for any continuances for additional time to conduct discovery. *See Holder*, 54 So. 3d at 199 (¶24). "When there is a clear record of delay, no showing of contumacious conduct is necessary." *Id.* at (¶25). The record therefore shows no abuse of discretion by the circuit court's dismissal for failure to prosecute. *See Regan v. S. Cent. Reg'l Med. Ctr.*, 2016-CA-00696-SCT, 2017 WL 391397, at **3-5 (¶¶13-24) (Miss. Sept. 7, 2017) (mandate issued Sept. 28, 2017) (finding that patient's inactivity evidenced a clear record of delay and that the trial court could dismiss for failure to prosecute without issuing findings on lesser sanctions); *Estate of Paulk v. Lott*, 217 So. 3d 747, 750 (¶8) (Miss. Ct. App. 2017) (finding no abuse of discretion in dismissal for failure to prosecute after a thirty-one-month delay by plaintiff following the filing of her complaint). For these reasons, we find the record supports the circuit court's conclusion that a clear record of delay and reactionary conduct existed in this case.

### b. Lesser Sanctions

¶24. The Havards also contend the circuit court should have considered a lesser sanction than dismissal. However, our supreme court recently stated that "the absence of even a general express finding on lesser sanctions does not require reversal." *Regan*, 2017 WL 391397, at *4 (¶20) (citation and internal quotation marks omitted). The supreme court instead explained that, although an appellate court "may be less likely to affirm a Rule 41(b)

dismissal if the record does not reflect that the trial court considered lesser sanctions, it is clear that the ultimate decision lies with [the appellate c]ourt." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a] showing of delay or contumacious conduct is sufficient for a Rule 41(b) dismissal when a lesser sanction would not serve the best interests of justice." *Holder*, 54 So. 3d at 198 (¶20). Based on the clear record of delay and reactionary conduct the Havards displayed in this case, we find no abuse of discretion in the circuit court's dismissal with prejudice since it served the best interests of justice. *See id.* at 197 (¶¶16, 18). We therefore find no abuse of discretion in the circuit court's dismissal of the Havards' claim against Sumrall for failure to prosecute. *See id.* at (¶16).

¶25. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**